IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBYNN SAUCIER CRAWFORD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-00710-CV-W-DGK |
| DIANE PETERSON, et al., | ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This case arises from Plaintiff Robynn Crawford's action against Defendants Diane Peterson, Robert Pietak, Christina Hawkins, Lauren Hoff, and Melissa Failing for negligence and breach of right of sepulcher. Plaintiff alleges that Defendants, in their capacity as employees for the Jackson County Medical Examiner's Office (the "JCMEO"), were negligent in the handling and disposition of her husband Ronald Saucier's remains. Plaintiff asserts that Defendants' acts and omissions caused her emotional pain, mental anguish, and future emotional suffering.

Now before the Court are: (1) Plaintiff's Motion for Default Judgment, ECF No. 10; and (2) Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 12. In the latter motion, Defendants argue that this case must be dismissed on subject-matter jurisdiction, improper service, and failure to state a claim grounds.

Because the Court lacks subject-matter jurisdiction, Defendants' Motion to Dismiss is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE. And since the Court lacks subject-matter jurisdiction, Plaintiff's Motion for Default Judgment is DENIED AS MOOT.

**Background**

The following background is taken from Plaintiff's complaint and its attachments. On or about December 23, 2018, Mr. Saucier died at home. ECF No. 1-2 at ¶ 19. When Mr. Saucier's body was discovered, there was no apparent cause of death. *Id.* at ¶¶ 20–21. An initial investigation indicated his death was not due to natural causes. *Id*. Following his death, Mr. Saucier's body was transported to the JCMEO. *Id.* at ¶ 22.

At all relevant times, Defendants were employees of the JCMEO. *Id.* at ¶¶ 11–15. Moreover, Defendant Peterson had the individual duty to supervise and oversee Defendants Pietak, Failing, Hawkins, and Hoff to ensure all were complying with departmental policies and procedures. *Id.* at ¶¶ 16–24. While Mr. Saucier's body was at the JCMEO, Defendant Peterson and Defendant Pietak were responsible for it. *Id.* at ¶ 28.

Because there was no clear cause of death, it was the policy of the JCMEO to conduct an autopsy on the body and inform Plaintiff that she had a right to a private autopsy. *Id.* at ¶¶ 26–27. But the JCMEO failed to inform Plaintiff that there would be no autopsy. *Id.* at ¶ 29. Once Mr. Saucier's body was released from the JCMEO, it was delivered to the Langsford Funeral Home and arrived in a bloody body bag. *Id.* at ¶ 30. The body was also covered in blood and emitting a strong odor. *Id*.

On or about December 26, 2018, Plaintiff and her family went to the Langsford Funeral Home to see her husband before releasing his body for cremation. *Id.* at ¶ 31. Before viewing the body, Plaintiff and family had to sign a waiver "releasing [the funeral home] from any harm that may cause emotional duress due to the condition of [Mr.] Saucier's body." *Id.* at ¶ 34. When viewing the body, Plaintiff and family saw an incision across the top of Mr. Saucier's head from

one ear to the other ear. *Id.* at ¶ 35. Jesse D. Parker, the funeral director, identified the incision as "an autopsy cut." *Id.*

That same day, Plaintiff spoke with Defendant Pietak concerning a suspected autopsy. *Id.* at ¶ 37. The JCMEO stated that no autopsy was performed on Mr. Saucier's body. *Id.* at ¶ 38. Specifically, Defendant Pietak denied any autopsy, cutting, or other procedure was performed on the body before it was released to the Langsford Funeral Home. *Id.* at ¶ 39. Additionally, the toxicology report prepared and signed by Defendant Pietak claims that no autopsy was performed on the body. *Id.* at ¶ 40.

On November 6, 2023, Plaintiff filed a pro se petition in Circuit Court of Jackson County, Missouri against Defendants Peterson, Pietak, Failing, Hawkins, and Hoff. She alleged six counts about the care and handling of her husband's body after his death. Defendants moved to dismiss on statute of limitations and official immunity grounds. The trial court granted the motion. Plaintiff appealed that ruling, but the appeal was dismissed on procedural grounds. *See Crawford v. Peterson*, 698 S.W.3d 172, 177 (Mo. Ct. App. 2024).

On October 30, 2024, Plaintiff filed her complaint here. ECF No. 1. Although the complaint form only provides sparse details about Plaintiff's claims, ECF No. 1, it appears that her attachments layout her claims in more detail, ECF No. 1-2. Plaintiff alleges six counts: (1) Negligence against Defendants Pietak and Peterson; (2) Negligence against Defendants Failing, Hawkins, and Hoff; (3) Breach of Right of Sepulcher and Burial against Defendants Peterson and Pietak; (4) Negligent Infliction of Emotional Distress against Defendant Pietak; (5) Negligent Training and Supervision against Defendant Peterson; and (6) Correction of Official Death Certificate against Defendant Pietak.

Plaintiff is a Missouri resident. ECF 1 at 4. Defendants Hawkins, Hoff, and Failing are Missouri residents. ECF No. 1-2 at ¶¶ 4–6; *see also* ECF No. 5 at 2 (listing addresses). Defendant Pietak resides in Florida, while Defendant Peterson resides in Kansas. *Id.* at ¶¶ 2–3; *see also* ECF No. 5 at 2 (listing addresses).

On January 3, 2025, Defendants filed a motion to dismiss on various grounds, including subject-matter jurisdiction. That motion is now ripe.

**Standard**

Since subject-matter jurisdiction is a threshold issue in all cases and is dispositive here, the Court only analyzes that issue. Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a complaint if it lacks subject-matter jurisdiction to hear a dispute. Fed. R. Civ. P. 12(b)(1); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When a defendant challenges a court's subject-matter jurisdiction, the plaintiff has the burden of proving jurisdiction exists. *See* Fed. R. Civ. P. 12(b)(1); *Jones v. Carondelet Health*, Case No. 12-00213-CV-W-BP, 2012 WL 12898834, at *1 (W.D. Mo. August 17, 2012) (citing *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)).

A Rule 12(b)(1) motion for lack of subject-matter jurisdiction may challenge a complaint on its face or on the factual merits of the complaint's statements. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Here, Defendants bring a facial challenge. In that situation, the Court reviews only the pleadings, and "all factual allegations are presumed to be true." *Id.* The motion "is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

Subject-matter jurisdiction exists where a case presents: (1) a federal question under the Constitution, laws, or treaties of the United States; (2) diversity of citizenship and an amount in

4

controversy exceeding $75,000; or (3) a claim against the federal government, a federal official, or a federal agency.  *See* 28 U.S.C. §§ 1331, 1332(a).

## Discussion

Defendants contend that Plaintiff fails to establish subject-matter jurisdiction under any of these grounds.  The Court analyzes each of these grounds in turn.

### I. **Plaintiff fails to allege sufficient facts to invoke federal question jurisdiction.**

Defendants assert that Plaintiff has failed to plead a cause of action arising under federal law.  Plaintiff claims jurisdiction under 18 U.S.C. § 1506 and the common law right of sepulcher.

There is no federal question jurisdiction here. "[F]ederal question jurisdiction exists only where a federal question appears on the face of a plaintiff's well-pleaded complaint." *See Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (internal quotation marks omitted).  18 U.S.C. § 1506 is a criminal statute that does not provide a private right of action, so that is not a basis for federal jurisdiction.  Nor is the right sepulcher because it is a Missouri state law claim. *See* Mo. Rev. Stat. § 194.119; *see also Riley v. St. Louis Cnty. of Mo.*, 153 F.3d 627, 630 (8th Cir. 1998).  Since Plaintiff has not alleged a claim arising under federal law, there is no federal question jurisdiction.

### II. **Plaintiff fails to establish complete diversity of citizenship.**

Defendants contend that diversity jurisdiction does not exist because Plaintiff and Defendants Hawkins, Hoff, and Failing are citizens of Missouri.  Plaintiff counters that there is diversity of citizenship between herself and Defendant Peterson.

Defendants are correct.  For diversity jurisdiction to exist, there must be *complete* diversity of citizenship.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  In other words, no plaintiff may share citizenship with *any* defendant.  *Id.*; *see also Hubbard v. Federated*

*Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). But here, Plaintiff as well as Defendants Hawkins, Hoff, and Failing are all Missouri citizens. Thus, complete diversity is lacking.

Because complete diversity is lacking, jurisdiction cannot be based on 28 U.S.C. § 1332.

### III.  Plaintiff has not sued any federal government body or official.

Defendants further argue that Plaintiff has not asserted claims against a federal agency or official. Plaintiff concedes that Defendants are sued in their individual capacities and not as representatives of a government entity. But even if Plaintiff were to name the JCMEO as a defendant, it is not a federal agency. Similarly, since Defendants are all employees of the JCMEO, they are not federal officials. Thus, this is not a basis for jurisdiction.

Since Plaintiff has failed to establish federal question jurisdiction, diversity jurisdiction, or jurisdiction based on a claim against the federal government, a federal agency, or its officials, this Court lacks subject-matter jurisdiction. Since dismissal under Rule 12(b)(1) is required, the Court need not address Defendants' remaining arguments for dismissal.[1]

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE. Because Defendants' Motion to Dismiss is granted, Plaintiff's Motion for Default Judgment is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: May 27, 2025         /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT

---

[1] Even if subject-matter jurisdiction existed, the Court would still dismiss based on the other grounds in the motion.